MARY SMITH, Respondent, *v.* THE TOWN OF CLARKSTOWN, Appellant.

*Defective highway — negligence of commissioner of highways — liability of the town for damages.*

The long-continued existence of an excavation in a highway, without any guard around it, with actual knowledge thereof by one of the commissioners of highways of the town, is sufficient to establish negligence on the part of the commissioners of highways and impose a liability upon the town, under section 16 of chapter 568 of the Laws of 1890, for a personal injury sustained by a traveler by reason of such defect in the highway.

APPEAL by the defendant, the Town of Clarkstown, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Rockland county on the 10th day of December, 1892, upon a verdict rendered in favor of the plaintiff at the Rockland Circuit, and from an order denying the defendant's motion for a new trial, made upon the minutes, and entered in said clerk's office January 4, 1893.

*Irving Brown,* for the appellant.

*Wm. McCauley, Jr.,* for the respondent.

DYKMAN, J.:

This is an action for the recovery of damages under the following statute: "Every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges existing because of the neglect of any commissioner of highways of such town." (§ 16, chap. 568, Laws of 1890.)

The same section contains a prohibitory provision against the maintenance of an action for the recovery of such damages, unless a verified statement of the cause of action shall have been presented

to the supervisor of the town within six months after the accrual of the cause of action, and against the commencement of the action until fifteen days after the service of such statement.

No question arises in this action under this latter portion of the section, because the complaint alleges, and the answer admits, the presentation of such claim to the supervisor in due form.

The plaintiff was riding with her husband, who was driving, in a one-horse wagon, along a public highway in the county of Rockland, leading from Rockland Lake to Congers. The highway was crossed by two railroad tracks, and its grade was raised as it approached the first track, and also between the two tracks to a level therewith, seven or eight feet above the original bed of the highway, except that along the north side of the highway there was a portion left unfilled. That hollow curved towards the center of the road about ten feet, and left a steep declivity along the north side of the highway seven or eight feet in depth. This embankment was unprotected.

Some time prior to this accident a sidewalk had been constructed along the north side of this highway. The sidewalk was elevated on piles, and from the north side of the road to the sidewalk was this unfilled portion of the road. The north side of this depression sloped precipitously under the sidewalk, which was constructed on posts set in the ground.

As the plaintiff and her husband approached the crossing there was a box car standing upon the railroad track on the side of the highway, and it became necessary to turn a little to the left and nearer the car to avoid the depression in the road. As he did so, the horse became suddenly frightened at the car and unmanageable. He first backed a few feet and then turned sharply to the right, plunged into the hole and across the sidewalk into the valley beyond.

That was the substance of the testimony of the plaintiff and her husband, and no other person witnessed the accident.

The defendant furnished testimony tending to show a different state of affairs, but the jury rendered a verdict in favor of the plaintiff, and must, therefore, have adopted the testimony furnished by her.

The only ground upon which the appellant undertakes to support this appeal is that the verdict is entirely against the evidence, but we cannot concur in that view.

The testimony of the plaintiff and her husband furnish ample support for the verdict.

The excavation in the highway, and the absence of any guard around it, and that condition continuing for a long time, together with actual knowledge by one of the commissioners of the town, was sufficient to establish negligence on the part of the commissioners of highways, and impose liability upon the town.

A short quotation from the charge of the trial judge will show how distinctly the question of negligence was submitted to the jury. The extract is this : "The case, therefore, turns upon a single question of fact :   Did this horse when he shied and bolted (which is undisputed that he did) go into this hole in the road, or did he go across this embankment out into the field beyond?   If he did the latter, the plaintiff is not entitled to a verdict.   But if he did the former then you would be justified in giving the plaintiff a verdict."

The charge meets our approval and the judgment and order denying the motion for a new trial should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.